DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

AMIE D. ROONEY (CABN 215324)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    Amie.Rooney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHERINE MOGAL,<br>ANA ROSARIO,<br>PATRICK NARRON,<br>PATRICIO ROMANO,<br>RONG "AUDREY" ZHANG, and<br>JING QUI "GEE" WEIDEN,<br><br>    Defendants. | No. CR 18-00259-BLF (NC)<br><br>[PROPOSED] AMENDED STIPULATED INTERIM PROTECTIVE ORDER. |

WHEREAS during the course of discovery in the above-captioned criminal case, the United States may produce documents and other items containing information that is confidential and/or is "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)), including documents and other items obtained during the course of the investigation from victim companies and other third parties;

WHEREAS during the course of discovery in the above-captioned criminal case, the United States may produce documents and other items containing personally identifiable information of

STIPULATION & [PROPOSED] ORDER
CR 18-00259 BLF

individual victims and other third parties, including information that is subject to Federal Rule of Criminal Procedure 49.1;

WHEREAS the United States and defendants deem it appropriate for the purpose of facilitating pretrial negotiations and to provide for the protection of such information without agreeing that the specific information is in fact confidential, is a trade secret, or is subject to other legal protection, and with the further understanding that nothing in this stipulated protective order creates any presumption regarding whether the specific information is confidential, is a trade secret, or is subject to other legal protection, and lastly preserving defendant's rights to challenge any such designation at a later time;

IT IS HEREBY STIPULATED AND AGREED by and between the United States and defendants and their counsel, that the following definitions and procedures will govern the designation and handling of material and other information produced by the United States during pretrial negotiations, while reserving the question of how such material and information should be handled at trial, and during pre- or post-trial hearings for a future time.

1. Definitions:

    a. "Confidential Material" shall mean information that the Government contends is intended to be kept secret, is a trade secret within the meaning of 18 U.S.C. § 1839(3), or contains personally identifiable information of individual victims and other third parties, including information that is subject to Federal Rule of Criminal Procedure 49.1.

    b. "Discovery Material" shall mean all materials disclosed by the United States during discovery in this case (regardless of whether the criminal number assigned to this case changes due to the filing of an indictment or superseding indictment).

    c. The protections conferred by this Stipulated Interim Protective Order cover not only Confidential Material (as defined above), but also include (i) any information copied or extracted from Confidential Material; (ii) all copies, excerpts, summaries, or compilations of Confidential Material; and (iii) any testimony, conversations, or presentations by the parties and their counsel that might reveal Confidential Material.

    d. Inadvertent failure to designate qualified information or items as Confidential Material does not, standing alone, waive the United States' right to secure protection under this

Stipulated Interim Protective Order for such material if timely corrected. Upon timely correction of designation, the defendants and their counsel must make reasonable efforts to assure the materials are treated in accordance with the provisions of this Stipulated Interim Protective Order.

2. The United States may designate Discovery Material as Confidential Material to the extent that it believes in good faith that the information or material is or may be Confidential Material as defined in paragraph 1(a) above. Any labeling, segregation, or designation of Discovery Material as "Confidential Material" should be made, whenever possible, in the case of written, tangible, or documentary Discovery Material, at the time that Discovery Material is produced or made known to defendant by marking the Discovery Material "CONFIDENTIAL" in a manner that is readily distinguishable from any pre-existing confidential designation or by otherwise manifesting the intention that the Discovery Material be considered Confidential Material. Computer memory storage materials such as tapes, diskettes, hard drives, or other memory media containing Discovery Material deemed by the United States as containing Confidential Material, shall be labeled on the outside of the media as "CONFIDENTIAL." The Government shall maintain unlabeled, or "clean" copies of all discovery material that it has labeled "CONFIDENTIAL" under this stipulated order, for the future use by the parties in subsequent proceedings.

3. Discovery Material designated as "CONFIDENTIAL" shall be retained by defendants' counsel in the above-captioned case and furnished, at this time, to no one other than defendants' counsel in the above-captioned case, defendant, the staff supporting defendants' counsel in the above-captioned case such as interpreters, defense investigators, paralegal assistants, and secretarial, stenographic, and clerical employees who are working on this case under the direction of defendants' counsel and to whom it is necessary that the materials be disclosed for purposes of the defense of this case. The defendants' counsel may further show documents to any custodian listed on the face of such document, but shall not leave any such Confidential Material with the custodian. The defendants' counsel may also show documents to any potential witness that they deem necessary for the defense of this matter but shall not leave any such Confidential Material or summary of the Confidential Material with the potential witness. In the event that a defendant or her/his counsel wishes to consult an expert regarding these

AMENDED STIP. INTERIM PROT. ORDER
CR 18-00259-BLF                                    3

materials, the procedure for doing so is addressed in paragraph 8 of this agreement. All such material shall be kept in the offices of defendants' counsel in the above-captioned case and neither this material nor any copies of this material shall leave that office for any purpose except submission in camera to the Court, except that counsel may include the material in emails among themselves as necessary for the defense of this matter, provided that when Confidential Materials are attached to an email between counsel, the confidential materials shall be encrypted. **Notwithstanding any other provision of this order, defendants' counsel may transmit Confidential Materials to their experts via a secure, password-protected FTP site.** Electronic copies of this material may be stored on stand-alone, password protected laptop computers and in password protected cloud-based accounts belonging to the defendants' counsel. However, no such material shall be downloaded to or maintained by the defendants' counsel on a portable storage device such as a thumb drive or removable external hard drive, unless that thumb drive or external storage device is password protected. Should a defendant be detained prior to resolution of the Indictment, her/his counsel may bring the designated confidential material to the facility in which she/he is incarcerated to assist in the defendant's preparation, but shall not leave any such confidential material with the defendant. All such material shall be used solely for the purpose of conducting pre-trial, trial, and appellate proceedings in this case and for no other purpose whatsoever, and shall not be used for the economic benefit of defendant or for the benefit of any third party. All motions which contain any of the material labeled "CONFIDENTIAL" and which are filed with the Court shall be filed and kept under seal until further order of the Court. Confidential Material filed under seal shall be filed with the Clerk of the Court in sealed envelopes or boxes prominently marked with the caption of this case and the notation:

    TO BE FILED UNDER SEAL

    Contains Confidential Material

    To Be Opened Only As Directed By The Court

    4. The recipient of any Confidential Material that is provided under this Stipulated Interim Protective Order shall keep such information in a manner reasonably intended to preserve and maintain the confidentiality of the information and shall not disclose such information to any individuals except as authorized by this Stipulated Interim Protective Order.

5. At the conclusion of the above-captioned case, defendants and their counsel in the above-captioned case agree to return or certify the destruction of all Confidential Material to the United States, except as directed by the Court.

6. Nothing herein shall prevent any defendant from using the Confidential Material or from referring to, quoting, or reciting from any information contained in such Confidential Material in connection with pleadings or motions filed in this case, provided that such materials be filed under seal and/or submitted to the Court for in camera inspection. The use of Confidential Material at trial or pre- or post-trial hearing will be resolved at or before the time of the trial or hearing.

7. Should a defendant dispute the propriety of any designation of Discovery Material as Confidential Material, her/his counsel shall notify the United States in writing. Such notice shall state counsel's position with regard to the matter in issue. Within seven business days from receiving the notice, the United States shall respond to the notice in writing. If, after this exchange of correspondence, the defendant and the United States cannot resolve their dispute, they may apply to the Court to do so. During the pendency of the dispute and any court resolution thereof, including an appeal of the Court's decision on such motion, the discovery material shall be deemed "CONFIDENTIAL" as designated and shall be covered by the provisions of this Stipulated Interim Protective Order. The parties understand that, as this Stipulated Interim Protective Order is primarily intended to facilitate pretrial negotiations, the defendants and their counsel may choose not to formally challenge the Government's designation of certain material as confidential at this stage in the proceeding. Such a failure to challenge the confidential designation by any defendant does not constitute a waiver on the defendant's part of either the ability to challenge that confidential designation or the ability to contest that certain portions of the designated confidential material constitutes "trade secret" information under 18 U.S.C. § 1839(3) or is personally identifiable information, including information that is subject to Federal Rule of Criminal Procedure 49.1.

8. At such time as a defendant retains an expert or experts to assist in the review of the Confidential Material, each such person shall execute the Acknowledgment included with this Stipulated Interim Protective Order, which shall then be submitted to the Court ex parte and in camera by the defendant. Defendant shall not be required to provide said Acknowledgment, or the identity of the

expert who signed it, to the United States, unless so ordered by the Court. The United States retains the right to request that the Court authorize such disclosure. Nothing in this paragraph relieves the defendant of the discovery obligations contained in Fed. R. Crim. P. 16 (b)(1)(C), nor does the United States waive any rights thereunder by entering into this stipulation.

9. By signing and agreeing to the terms of this Stipulated Interim Protective Order, no person shall be deemed to have conceded that any material has been properly designated as confidential. Nothing in this order shall preclude the United States or defendant from applying to the Court for further relief or modification. The parties' agreement to enter into this Stipulated Interim Protective Order at this time is for the purpose of pretrial negotiations, and is not a concession by the defendant that the terms contained herein would be appropriate should the case proceed beyond that stage.

10. Willful violation of this Stipulated Interim Protective Order may be punishable by contempt of court, whatever other sanction the Court deems just, or any other sanctions or combination of sanctions that are legally available.

Dated: April 9, 2019                             Respectfully submitted,

                                                 DAVID L. ANDERSON
                                                 United States Attorney


                                                 /s/
                                                 AMIE D. ROONEY
                                                 Assistant United States Attorney


Dated: April 9, 2019                             /s/
                                                 RANDY LUSKEY
                                                 Counsel for KATHERINE MOGAL


Dated: April 9, 2019                             /s/
                                                 ED SWANSON
                                                 Counsel for ANA ROSARIO


Dated: April 9, 2019                             /s/
                                                 MILES EHRLICH
                                                 Counsel for PATRICK NARRON

Dated: April 9, 2019

/s/
DAVID SCHEPER
Counsel for PATRICIO ROMANO

Dated: April 9, 2019

/s/
WILLIAM KEANE
Counsel for RONG ZHANG

Dated: April 9, 2019

/s/
JOSHUA COHEN
Counsel for JING QUI WEIDEN

IT IS SO ORDERED.

Dated:_____

_____
HON. BETH LABSON FREEMAN
United States District Judge

# AGREEMENT TO BE BOUND BY
## AMENDED STIPULATED INTERIM PROTECTIVE ORDER

The undersigned, defendants KATHERINE MOGAL, ANA ROSARIO, PATRICK NARRON, PATRICIO ROMANO, RONG "AUDREY" ZHANG, and JING QUI "GEE" WEIDEN, and their counsel in the above-captioned case, CR 18-00259 BLF, hereby each acknowledge that they have received a copy of the AMENDED Stipulated Interim Protective Order, have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

Dated: 4/9/19

_____
RANDY LUSKEY
Counsel for KATHERINE MOGAL

Dated:_____

_____
KATHERINE MOGAL
Defendant

Dated:_____

_____
ED SWANSON
Counsel for ANA ROSARIO

Dated:_____

_____
ANA ROSARIO
Defendant

Dated:_____

_____
MILES EHRLICH
Counsel for PATRICK NARRON

Dated:_____

_____
PATRICK NARRON
Defendant

AGREEMENT RE STIP. INTERIM PROT. ORDER
CR 18-00259-BLF

# AGREEMENT TO BE BOUND BY
# AMENDED STIPULATED INTERIM PROTECTIVE ORDER

The undersigned, defendants KATHERINE MOGAL, ANA ROSARIO, PATRICK NARRON, PATRICIO ROMANO, RONG "AUDREY" ZHANG, and JING QUI "GEE" WEIDEN, and their counsel in the above-captioned case, CR 18-00259 BLF, hereby each acknowledge that they have received a copy of the AMENDED Stipulated Interim Protective Order, have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

Dated:_____

RANDY LUSKEY
Counsel for KATHERINE MOGAL

Dated:_____

KATHERINE MOGAL
Defendant

Dated: 4-9-19

ED SWANSON
Counsel for ANA ROSARIO

Dated:_____

ANA ROSARIO
Defendant

Dated:_____

MILES EHRLICH
Counsel for PATRICK NARRON

Dated:_____

PATRICK NARRON
Defendant

AGREEMENT RE STIP. INTERIM PROT. ORDER
CR 18-00259-BLF

# AGREEMENT TO BE BOUND BY
# AMENDED STIPULATED INTERIM PROTECTIVE ORDER

The undersigned, defendants KATHERINE MOGAL, ANA ROSARIO, PATRICK NARRON, PATRICIO ROMANO, RONG "AUDREY" ZHANG, and JING QUI "GEE" WEIDEN, and their counsel in the above-captioned case, CR 18-00259 BLF, hereby each acknowledge that they have received a copy of the AMENDED Stipulated Interim Protective Order, have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

Dated:_____

RANDY LUSKEY
Counsel for KATHERINE MOGAL

Dated:_____

KATHERINE MOGAL
Defendant

Dated:_____

ED SWANSON
Counsel for ANA ROSARIO

Dated:_____

ANA ROSARIO
Defendant

Dated: 4/2/2019

MILES EHRLICH / Amy Craig
Counsel for PATRICK NARRON

Dated: 4/2/2019

PATRICK NARRON
Defendant

AGREEMENT RE STIP. INTERIM PROT. ORDER
CR 18-00259-BLF

| | | |
|---|---|---|
| 1 | Dated: 4/2/19 | _/s/ David Scheper_ |
| 2 | | DAVID ~~SCHEPTER~~ SCHEPER<br>Counsel for PATRICIO ROMANO |
| 3 | Dated:_____ | |
| 4 | | PATRICIO ROMANO<br>Defendant |
| 5 | | |
| 6 | | |
| 7 | Dated:_____ | |
| 8 | | WILLIAM KEANE<br>Counsel for RONG ZHANG |
| 9 | Dated:_____ | |
| 10 | | RONG ZHANG<br>Defendant |
| 11 | | |
| 12 | | |
| 13 | Dated:_____ | |
| 14 | | JOSHUA COHEN<br>Counsel for JING QUI WEIDEN |
| 15 | | |
| 16 | Dated:_____ | |
| 17 | | JING QUI WEIDEN<br>Defendant |

AGREEMENT RE STIP. INTERIM PROT. ORDER
CR 18-00259-BLF

| | |
|---|---|
| Dated:_____ | _____<br>DAVID SCHEPTER<br>Counsel for PATRICIO ROMANO |
| Dated:_____ | _____<br>PATRICIO ROMANO<br>Defendant |
| Dated: 3/22/19 | _____<br>WILLIAM KEANE<br>Counsel for RONG ZHANG |
| Dated:_____ | _____<br>RONG ZHANG<br>Defendant |
| Dated:_____ | _____<br>JOSHUA COHEN<br>Counsel for JING QUI WEIDEN |
| Dated:_____ | _____<br>JING QUI WEIDEN<br>Defendant |

AGREEMENT RE STIP. INTERIM PROT. ORDER
CR 18-00259-BLF

```
 1  Dated:_____           _____
                                        DAVID SCHEPTER
 2                                      Counsel for PATRICIO ROMANO

 3
    Dated:_____           _____
 4                                      PATRICIO ROMANO
                                        Defendant
 5

 6

 7  Dated:_____           _____
                                        WILLIAM KEANE
 8                                      Counsel for RONG ZHANG

 9
    Dated:_____           _____
10                                      RONG ZHANG
                                        Defendant
11

12

13  Dated: 3/21/19                      _____
                                        JOSHUA COHEN
14                                      Counsel for JING QUI WEIDEN

15

16  Dated:_____           _____
                                        JING QUI WEIDEN
17                                      Defendant

18

19

20

21

22

23

24

25

26

27

28

    AGREEMENT RE STIP. INTERIM PROT. ORDER
    CR 18-00259-BLF
```

# ACKNOWLEDGEMENT OF
# STIPULATED INTERIM PROTECTIVE ORDER

The undersigned hereby acknowledges that he or she has received a copy of the AMENDED Stipulated Interim Protective Order issued in *United States v. Katherine Mogal, et al,* No. CR 18-004259 BLF, has read, understands, and agrees to the terms of the Stipulated Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Protective Order and the punishment of any violations thereof.

Dated:_____

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State, and Zip Code

_____
Area Code and Telephone Number